UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA L. M., | Case No. CV 19-4979-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| ANDREW M. SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.
## INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB"). She contends that the Administrative Law Judge ("ALJ") erred when he determined that she had the capacity to work. For the reasons discussed below, the ALJ's decision is affirmed.

## II.
## SUMMARY OF PROCEEDINGS

In May 2014, Plaintiff applied for DIB, alleging that she had been disabled since May 2013, due to anxiety disorder and depression.

(Administrative Record ("AR") 468, 495.)  Her application was denied initially and she requested and was granted a hearing before an ALJ.  (AR 290-304, 336-37.)  In August 2016, the ALJ held a hearing and subsequently issued a decision finding that she was not disabled.  (AR 185-217, 305-23.)  Plaintiff appealed to the Appeals Council, which granted review, vacated the ALJ's decision, and remanded the case for a new hearing.  (AR 326-27.)  In February 2018, a different ALJ held a hearing and, thereafter, issued a decision, finding that Plaintiff was not disabled.  (AR 81-103, 137-69.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-7.)  This action followed.

## III.

## ANALYSIS

   Plaintiff had been a practicing lawyer for 25 years when she left the profession after feeling overwhelmed.  Soon thereafter she filed the instant claim for benefits.  In connection with her claim, she was examined by two doctors--a psychologist and a psychiatrist.  A third doctor reviewed some of her medical records but did not examine her.  All three concluded that she suffered from depression and anxiety but was capable of performing simple, repetitive work.  The ALJ reached the same conclusion and found that she could perform the work of, among other things, an office helper and, therefore, was not disabled.  Plaintiff argues that the ALJ erred in doing so.  For the following reasons, her arguments are rejected.

   Plaintiff contends that the ALJ erred in assessing the doctors' opinions.  The record does not support this contention.  Plaintiff was examined by psychiatrist Jeriel Lorca in January 2015.  (AR 790-94.)  Dr. Lorca met with Plaintiff and interviewed her.  He also administered a number of psychological tests.  Dr. Lorca concluded,

among other things, that Plaintiff suffered from depressive disorder and anxiety disorder. He opined that, despite these ailments, she was capable of performing detailed and complex tasks, interacting with co-workers and the public, and completing a normal work day and workweek. Dr. Lorca predicted that Plaintiff's condition would improve over the following 12 months. (AR 79.)

The following month, an Agency reviewing doctor, Dr. Gold, looked at the medical records to date, including Dr. Lorca's opinion, and concluded that Plaintiff suffered from severe affective and anxiety disorders. (AR 297-303.) He determined that she could perform simple and repetitive tasks but could not perform work requiring public contact. (AR 301.)

In December 2017, 34 months after Dr. Gold completed his review, Plaintiff was seen by psychologist Ahmed Riahinejad. Dr. Riahinejad examined Plaintiff, administered a battery of tests, and reviewed the medical records. (AR 1030-38.) He found that Plaintiff suffered from depressive disorder with anxiety and mild psycho-social stressors. He believed that Plaintiff was capable of carrying out simple and repetitive instructions and could relate to others and accept supervision.

The ALJ gave the greatest weight to the opinions of the examining doctors, Dr. Riahinejad and Dr. Lorca, and the least weight to the opinion of the non-examining doctor, Dr. Gold. (AR 93-95.) Plaintiff contends that the ALJ should have given Dr. Gold's opinion the most weight but does not clearly explain why. Presumably, she is arguing that it is because Dr. Gold works for the Agency and understands Social Security law. But that is not a compelling reason to rely on Dr. Gold. And the record does not support Plaintiff's argument that

Dr. Gold's opinion was entitled to greater weight.  He never examined Plaintiff and never considered any records after February 2015, which was more than three years before the ALJ issued his decision.  This is important for a number of reasons.  For one, there were a lot of medical records created after Dr. Gold offered his opinion, including Dr. Riahinejad's testing and his opinion.  Second, after examining and testing Plaintiff in January 2015, Dr. Lorca believed that she would improve over the following 12 months since she had quit drinking six drinks a day and was undergoing therapy.  Dr. Gold never had the opportunity to determine if Dr. Lorca's prediction had come true.

In the end, it seems that Dr. Gold's February 2015 opinion was almost irrelevant to the ALJ's May 2018 decision whether Plaintiff was disabled.  The ALJ was tasked with assessing the medical opinions.  After conducting a thorough review of the medical records and the medical opinions, he chose to side with the examining doctors over the non-examining doctor.  The ALJ did not err in doing so.

Plaintiff contends that the ALJ's wording of the residual functional capacity finding is confusing.  The Court agrees.  The ALJ found that Plaintiff could perform work involving "simple and repetitive instructions and carrying out complex detailed instructions not at a production rate pace."  (AR 89.)  As Plaintiff points out, it is not clear whether the ending phrase "not at a production rate pace" applies only to "carrying out complex and detailed instructions" or whether it also applies to work involving simple and repetitive instructions.  In reading the record as a whole, however, including the transcript from the administrative hearing, the Court is convinced that the ALJ was qualifying Plaintiff's ability to carry out "simple and repetitive instructions" with the phrase "not at a production pace

4

1 rate."  None of the doctors had suggested such a limitation for
2 simple, repetitive work.  And when questioning the vocational expert
3 at the hearing, it seems clear that the ALJ and the vocational expert
4 understood that the limitation only applied to the more complex tasks.
5 As such, the Court does not find that the ALJ's confusing language
6 mandates reversal.

7 Next, Plaintiff argues that a limitation to simple and repetitive
8 instructions is inconsistent with Level 3 reasoning and complains that
9 two of the three jobs that the ALJ determined that she could do (mail
10 clerk and cashier II) require Level 3 reasoning.  Here, again, the
11 Court agrees with Plaintiff.  Someone limited to simple and repetitive
12 tasks is not capable of performing Level 3 reasoning work.  *Zavalin v.*
13 *Colvin*, 778 F.3d 842, 847 (9th Cir. 2015); *Lara v. Astrue*, 305 F.
14 App'x 324, 326 (9th Cir. 2008) ("[S]omeone able to perform simple,
15 repetitive tasks is capable of . . . Level 2 jobs"); and *Meissl v.*
16 *Barnhart*, 403 F. Supp. 2d 981, 983-85 (C.D. Cal. 2005) (holding Level
17 2 jobs are consistent with limitation to "simple, repetitive" tasks).
18 Thus, the ALJ erred in concluding that Plaintiff could perform the
19 jobs of mail clerk and cashier II.  But, the third job that he found
20 that she could do, the office helper job, requires only Level 2
21 reasoning, which all the doctors agreed Plaintiff is capable of doing.
22 And there are 22,000 office helper jobs in the country, more than
23 enough to qualify as "significant" under Social Security law.  *See*,
24 *e.g.*, *Nelson v. Colvin*, 2014 WL 372496, at *4 (W.D. Wash. Feb. 3,
25 2014) (finding 22,000 jobs in nation a significant number); *see also*
26 *Aguilar v. Colvin,* 2016 WL 3660296, at *3 (C.D. Cal. July 8, 2016)
27 (finding 11,850 jobs nationally and 1,080 regionally significant, and
28 observing trend in the Central District of California to find job

numbers over 10,000 nationally and 1,000 locally to be sufficient); *Yepiz v. Colvin*, 2013 WL 1339450, at *9 (C.D. Cal. Mar. 28, 2013) (finding 15,000 jobs nationally to be significant); *Albidrez v. Astrue*, 504 F. Supp. 2d 814, 824 (C.D. Cal. 2007) (finding 20,450 jobs nationally to be significant).  As such, any error by the ALJ in including the mail clerk and cashier II positions was harmless. *See Gray v. Comm'r of Soc. Sec. Admin.*, 365 F. App'x 60, 63 (9th Cir. 2010) (affirming ALJ's decision where claimant could perform only one of three jobs identified by ALJ but significant number of jobs in national economy for that one job supported ALJ's decision that claimant was not disabled); *see also Lara*, 305 F. App'x at 326 ("To the extent the VE was overly broad and included jobs that [claimant] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision.").

Finally, Plaintiff points out that the office helper job requires frequently changing from one task to another, *see Revised Handbook for Analyzing Jobs*, which she contends renders the job more than simple, repetitive work.  (JS at 9.)  Plaintiff, however, does not cite any authority for that proposition and the authority that exists is to the contrary.  *See, e.g., Lyn B. v. Comm'r of Soc. Sec.*, 2019 WL 1491174, at *8-9 (C.D. Cal. Apr. 3, 2019) (holding ALJ did not err in finding plaintiff could perform office helper job even though it required variety of duties and she was limited to simple, routine, and repetitive tasks); *Jerome M. H. v. Berryhill*, 2019 WL 994966, at *2 (C.D. Cal. Feb. 7, 2019) (finding office helper position compatible with limitation to simple repetitive tasks and noting plaintiff had "failed to demonstrate why a person limited to simple repetitive tasks

could not also frequently change tasks"); *Lewis v. Colvin*, 2016 WL 397626, at *5 (E.D. Cal. Feb. 2, 2016), *aff'd*, 708 F. App'x 919 (9th Cir. 2018) (finding no conflict between plaintiff's limitation to simple instructions or simple, repetitive tasks and performing a variety of job duties as an office helper.)

## IV.
## CONCLUSION

For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: June 15, 2020 .

                     */s/ Patrick J. Walsh*
                     PATRICK J. WALSH
                     UNITED STATES MAGISTRATE JUDGE

O:\PJW\ECF Ready\Memo Opinion and Order.wpd